# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0817V

| | |
|---|---|
| MICHELLE HAN, | Chief Special Master Corcoran |
| Petitioner, | Filed: July 28, 2025 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Meghan Murphy*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 6, 2020, Michelle Han filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of a Hepatitis A vaccine she received on April 22, 2019. Petition at 1.

Although the claim was unsuccessful, I find it possessed sufficient reasonable basis to permit an award of attorney's fees. And I have reviewed the submitted billing records and find no need to reduce the amount of fees to be awarded.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

### I.  Relevant Procedural History

Although the parties engaged in settlement discussions for approximately six months, from October 2021 through March 2022, they were unable to reach an informal resolution. ECF Nos. 28, 30. On May 17, 2022, Respondent filed his Rule 4(c) Report, arguing that Petitioner had not shown that the symptoms from her injury lasted for more than six months. Rule 4(c) Report at 6, ECF No. 30. After briefing by the parties (ECF Nos. 33-34) and the filing of a supplemental declaration[3] from Petitioner (Ex. 6, ECF No. 32), I issued a decision dismissing for failure to satisfy the Vaccine Act's severity requirement. Dismissal Decision, issued Feb. 21, 2024, ECF No. 35.

On August 5, 2024, Petitioner filed a request for an award of $16,939.25 in attorney's fees and costs. Petitioner's Application for Attorneys' Fees and Costs ("Motion") at 2. ECF No. 39. In accordance with General Order No. 9, Petitioner represented that he incurred no out-of-pocket expenses. *Id.* Petitioner did not address the requirements of good faith and reasonable basis which must be met before a fees award is made in non-compensated vaccine cases. *See* Section 15(e)(1).

Respondent reacted to the motion on August 26, 2024, providing his usual response - that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 40. He also failed to provide any substantive discussion of the good faith and reasonable basis requirements. Petitioner has filed no reply.

### II.  Reasonable Basis

#### A.  Legal Standard

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that attorney's fees and costs may be awarded even in unsuccessful claims. H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 133 S.Ct. 1886, 1895 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed). This is consistent with the fact that "the Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Hum.*

---

[3] This supplemental declaration also was signed under penalty of perjury as required by 28 U.S.C.A. § 1746. Ex. 7.

*Servs.*, 105 Fed. Cl. 627, 634 (2012). Indeed, it may be the only federal fee-shifting statute that permits *unsuccessful* litigants to recover fees and costs.

However, Congress did not intend that *every* losing petition be automatically entitled to attorney's fees. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). And there is also a prerequisite to even obtaining fees in an unsuccessful case. The special master or court may award attorney's fees and costs to an unsuccessful claimant only if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Reasonable basis is a prerequisite to a fee award for unsuccessful cases – but establishing it does not automatically *require* an award, as special masters are still empowered by the Act to deny or limit fees. *James-Cornelius on behalf of E. J. v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("even when these two requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

As the Federal Circuit has explained, whether a discretionary fees award is appropriate involves two distinct inquiries, but only reasonable basis is at issue herein.[4] Reasonable basis is deemed "an objective test, satisfied through objective evidence." *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) ("Cottingham I"). "The reasonable basis requirement examines "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma v. Sec'y of Health & Hum. Servs.,* No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a reasonable basis analysis is limited to objective evidence, and that subjective considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius*, 984 F.3d at 1379.

Although clearly easier to meet than the preponderant standard required for compensation, "courts have struggled with the nature and quantum of evidence necessary to establish a reasonable basis." *Wirtshafter v. Sec'y of Health & Hum. Servs.,* 155 Fed. Cl. 665, 671 (Fed. Cl. 2021). "[I]t is generally accepted that 'a petitioner must furnish some evidence in support of the claim.'" *Id.* Citing the *prima facie* elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of the objective evidence sufficient for a special master to find reasonable basis should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham*

---

[4] Claimants must also establish that the petition was brought in good faith. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017) (quoting *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 289 (2014)). "[T]he 'good faith' requirement . . . focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-0544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). But good faith is not disputed herein, and I do not ascertain evidence in the record calling it into question.

*I*, 971 F.3d at 1345-46. "This formulation does not appear to define reasonable basis so much as set its outer bounds." *Cottingham v. Sec'y of Health & Hum. Servs.,* 159 Fed. Cl. 328, 333, (Fed. Cl. 2022) (*"Cottingham II"*), *aff'd without op.*, 2023 WL 754047 (Fed. Cir. Nov. 14, 2023). "[T]he Federal Circuit's statement that a special master 'could' find reasonable basis based upon more than a mere scintilla does not mandate such a finding." *Cottingham II*, 159 Fed. Cl. at 333 (citing *Cottingham I*, 971 F.3d at 1346).

Furthermore, the issue of reasonable basis is not a static inquiry. The reasonable basis which existed when a claim was filed may cease to exist as further evidence is presented. *Perreira*, 33 F.3d at 1377. In *Perreira,* the Federal Circuit affirmed a special master's determination that reasonable basis was lost after Petitioner's "expert opinion, which formed the basis of the claim, was found to be unsupported by either medical literature or studies." *Id.* at 1376.

At issue here, Vaccine Act Section 11(c)(1)(D)(i) requires the establishment of an injury and residual effects lasting for over six months after the date of vaccination. This is a threshold requirement for entitlement. *Black v. Sec'y of Health & Hum. Servs.*, 33 Fed. Cl. 546, 550 (1995) (reasoning that the "potential petitioner" must not only make a *prima facie* case, but clear a jurisdictional threshold, by "submitting supporting documentation which reasonably demonstrates that a special master has jurisdiction to hear the merits of the case"), *aff'd*, 93 F.3d 781 (Fed. Cir. 1996) (internal citations omitted).

### B.   Existence of Reasonable Basis

Because Petitioner received her vaccination on April 22, 2019, to meet the Vaccine Act's severity requirement she was required to establish that her residual symptoms continued until at least October 22, 2019 (assuming an immediate pain onset - which the record supports). As I previously determined, however, the record contained preponderant evidence supporting vaccine-related symptoms through only early July 2019, less than three months post-vaccination. *Han v. Sec'y of Health & Hum. Servs.,* No. 20-0817V, 2024 WL 1235405 (Fed. Cl. Spec. Mstr. Feb. 21, 2024). I must now determine whether that same record is sufficient to establish reasonable basis.

The record clearly demonstrates that Petitioner first sought treatment for left shoulder pain after receipt of the Hepatitis A vaccine (four days earlier) during a telephonic appointment with her primary care provider ("PCP") on April 26, 2019. Ex. 2 at 363. She reported a "sharp, tingling sensation radiating to the neck" and pain with movement of her arm, partially mitigated by taking Advil. *Id.* at 364. The PCP diagnosed her with a "[l]ikely injection site reaction," instructed her to continue using NSAIDs and cold compresses, and cautioned that she should return if her symptoms continued. *Id.* After Petitioner

emailed a few days later reporting that her pain was increasing, the PCP order an MRI and physical therapy ("PT"). *Id*. at 379.

During June and early July 2019, Petitioner attended four PT sessions for left shoulder pain and left hip strain. Ex. 2 at 468-81, 502-07. At her last visit on July 3, 2019, she exhibited normal range of motion and strength in her left shoulder, but complained of continued "left upper back shoulder pain with minimal improvement." *Id*. at 502-04. It was noted that she "elect[ed] to discontinue Physical Therapy services prior to attaining the agreed upon goals and treatment Plan of Care." *Id.* at 504.

In the five-month period thereafter, there are no documented complaints of shoulder pain. And Petitioner (a dentist) completed 30 days of military training for U.S. Army Officer Boot Camp at Fort Sill, Oklahoma during July and August 2019. Ex. 3 at 180-215. During this training, Petitioner sought treatment on several occasions for pain impacting her *elsewhere* in her body (primarily left hip pain, accompanied by ankle and ear pain on two separate occasions) – but no left shoulder pain. *Id.* at 193, 200-222. In mid-July 2019, it was noted that Petitioner was using crutches. *Id.* at 211.

Throughout the Fall of 2019, Petitioner continued to pursue treatment for her left hip pain. Ex. 3 at 156-79. She also received prenatal care beginning in October 2019. *Id*. at 156-59.

On December 11, 2019, Petitioner sought an evaluation of left deltoid pain which she linked to the vaccine she received in April 2019. Ex. 3 at 135. During examination, she exhibited left shoulder tenderness upon palpation, abnormal range of motion, and pain upon abduction. *Id*. at 137. Petitioner was referred to PT. *Id*. at 138. She returned to the PCP and attended four PT sessions in February and March 2020, for left shoulder *and hip* pain. *Id.* at 99-110.

It is important to note that Petitioner first contacted Petitioner's counsel regarding her vaccine claim in May 2019. ECF No. 39 at 6. However, the billing records, timing of the records requests in this case, and docket activity do not reveal evidence suggesting that Petitioner's return for treatment in December 2019 was prompted by her vaccine claim.

As noted, I dismissed the claim based upon the determination that the evidence Petitioner provided was not sufficient to establish preponderantly that the symptoms she reported in late 2019 and early 2020 (following a five-month gap in treatment and her attendance of 30 days of military basic training) were a continuation of her previous shoulder pain. But the record nevertheless is sufficient to satisfy the far lower standard of reasonable basis. There was a reasonable fact dispute herein about the relationship

between Petitioner's documented earlier symptoms and those she experienced after the treatment gap. And she clearly reported to treaters post-gap that her symptoms were comparable to what she experienced closer-in-time to vaccination.

I thus find that Petitioner had a reasonable basis to file her petition in this case, which continued until I dismissed her claim. And there is no other basis for a denial of fees, despite the claim's lack of success. Therefore, the only remaining question is the appropriate amount of the attorney's fees and costs to be awarded.

### III.  Appropriate Amount to be Awarded

#### A.  Legal Standard

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

#### B.  Attorney's Fees and Costs

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates. Petitioner billed a reasonable amount of time using hourly rates previously approved for all attorneys and paralegals performing this work. ECF No. 39 at 6-7. She provided supporting documentation for all claimed costs. *Id.* at 9-12. And Respondent offered no specific objection to the rates or amounts sought. ECF No. 40.

**Conclusion**

I have determined that an award of reasonable attorney's fees and costs is appropriate in this case even though compensation was not awarded. Section 15(e)(1). Additionally, no reduction in the amount of attorney's fees and costs is warranted. Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs and award a total of **$16,939.25 (representing $16,497.00 in fees and $442.25 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** The Clerk of the Court is directed to enter judgment in accordance with this Decision.[5]

The Clerk of the Court is directed to enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

                                                **s/Brian H. Corcoran**
                                                Brian H. Corcoran
                                                Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.